UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>   v.<br><br>DARRYL WRIGHT, et al.,<br><br>                Defendants. | CASE NO. CR14-5539 BHS<br><br>ORDER DENYING DEFENDANT WRIGHT'S MOTION TO DISMISS COUNT 12 OF THE SUPERSEDING INDICTMENT |

This matter comes before the Court on Defendant Darryl Wright's ("Wright") motion to dismiss Count 12 of the superseding indictment (Dkt. 70). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 25, 2014, a federal grand jury returned an indictment against Wright, charging him with a benefits fraud scheme against multiple government agencies, including the Veterans Administration ("VA"). Dkt. 3. On September 16, 2015, the grand jury returned a superseding indictment against Wright. Dkt. 53. Counts

ORDER - 1

3 and 8 charge Wright with wire and mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. *Id.* ¶¶ 44, 46. Count 12 charges Wright with aggravated identity theft in violation of 18 U.S.C. § 1028A. *Id.* ¶ 53. Specifically, Count 12 charges Wright with "knowingly us[ing], without lawful authority, a means of identification of another person during and in relation to the crimes of wire and mail fraud . . . as set forth in Counts 3 and 8." *Id.*

On October 23, 2015, Wright moved to dismiss Count 12 on statute of limitations grounds. Dkt. 70. On October 30, 2015, the Government responded. Dkt. 71. On November 6, 2015, Wright replied. Dkt. 72.

## II. FACTUAL BACKGROUND[1]

Wright filed a claim for benefits with the VA, which was denied on July 7, 2008. Dkt. 71 at 5. Wright sought review of the VA's unfavorable decision. *Id.* To support his claim, Wright submitted fifty false "buddy statements" to the VA on October 3, 2009. *Id.* at 5–6. These buddy statements helped established Wright's symptoms, conditions, and disabilities. *Id.* at 6. In 2010, Wright's file was assigned to a VA adjudicator. *Id.* The VA adjudicator evaluated Wright's file and issued a favorable decision on October 12, 2011. *Id.* The VA's decision was based in part on the buddy statements that Wright submitted on October 3, 2009. *Id.* The VA notified Wright of its decision by mail on October 14, 2011. Dkt. 53 ¶ 46.

---

[1] For the purposes of the instant motion, Wright does not dispute the facts set forth in the indictment and the Government's response brief. Dkt. 70 at 5; Dkt. 72 at 2 n.1. Because the facts are essentially undisputed, the Court may address Wright's statute of limitations defense in this pretrial motion. *See United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

## III. DISCUSSION

Wright moves to dismiss Count 12 of the superseding indictment, arguing the crime charged in Count 12 occurred outside the statute of limitations. Dkt. 70 at 4. Count 12 charges Wright with aggravated identity theft in violation of 18 U.S.C. § 1028A. Dkt. 53 ¶ 58. Section 1028A penalizes any person who, in the commission of certain enumerated felonies, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1); *see also United States v. Jefferson*, 791 F.3d 1013, 1017 (9th Cir. 2015).

Because § 1028A does not include a specific statutory limitations period, the general five-year limitations period applies. *See* 18 U.S.C. § 3282(a). Wright was first charged with aggravated identity theft in Count 12 of the superseding indictment, which was filed on September 16, 2015. Dkt. 53. Accordingly, the crime charged in Count 12 must have been committed on or after September 16, 2010. Wright maintains the crime charged in Count 12 was completed when he submitted the buddy statements to the VA on October 3, 2009. Dkt. 70 at 6. The Government, in turn, argues the crime was not completed until the VA relied on the statements and rendered its decision on October 12, 2011.[2] Dkt. 71 at 8.

---

[2] To support this argument, the Government partly relies on the untenable theory that Wright aided and abetted the VA. Dkt. 71 at 3. As a preliminary matter, Wright is not charged with aiding and abetting in violation of 18 U.S.C. § 2. *See* Dkt. 53. More importantly, in order to charge Wright with aiding and abetting, the indictment would need to allege the VA committed a criminal offense by adjudicating Wright's benefits claim, which is surely not the case.

"It is well settled that a statute of limitations begins to run when 'the crime is complete.'" *United States v. Drebin*, 557 F.2d 1316, 1333 (9th Cir. 1977) (quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). "The crime is complete as soon as every element in the crime occurs." *Id.* When the crime requires a predicate felony, as in the case of § 1028A, "[a] limitation period begins to run only when all the elements of the underlying offense have been committed." *United States v. Beardslee*, 197 F.3d 378, 384 (9th Cir. 1999).

In this case, the aggravated identity theft charged in Count 12 is predicated on the wire and mail fraud charged in Counts 3 and 8. *See* Dkt. 53 ¶ 58; *see also* 18 U.S.C. § 1028A(c)(5) (listing wire and mail fraud as two predicate felonies for aggravated identity theft). Thus, the crime charged in Count 12 is not complete until the underlying crimes charged in Counts 3 and 8 have also occurred. *See Beardslee*, 197 F.3d at 384. In the context of wire and mail fraud, each use of the wires or the mail constitutes a separate crime. *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001); *Beardslee*, 197 F.3d at 385.

Both Count 3 and Count 8 allege crimes that occurred after September 16, 2010. Count 3 charges Wright with wire fraud based on a wire transmission from the VA on May 31, 2012. Dkt. 53 ¶ 44. Count 8 charges Wright with mail fraud based on a letter from the VA on October 14, 2011. *Id.* ¶ 46. For the purposes of the instant motion, Wright does not dispute the facts underlying the crimes charged in Counts 3 and 8. *See* Dkt. 70 at 5; Dkt. 72 at 2 n.2. Because the crimes charged in Counts 3 and 8 of the

superseding indictment fall within the limitation period, the Court concludes the crime charged in Count 12 is not barred by the statute of limitations.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Wright's motion to dismiss Count 12 of the superseding indictment (Dkt. 70) is **DENIED**.

Dated this 14th day of December, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge